# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| REGINALD HODGE, | ) |
| Plaintiff, | ) |
| | ) NO. 3:18-cv-00589 |
| v. | ) CHIEF JUDGE CRENSHAW |
| | ) |
| TENNESSEE STATE BOARD OF PROBATION AND PAROLE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Reginald Hodge, an inmate of the Bledsoe County Correctional Complex in Pikeville, Tennessee, filed a pro se, in forma pauperis complaint against the Tennessee State Board of Probation and Parole and Helen Ford under an unspecified statute, alleging violations of his rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," id. § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). Id. § 1915A(b).

1

The court must construe a pro se complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016)(citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007)(citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." McDonald v. Hall, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009)(quoting Sigley v. City of Panama Heights, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Alleged Facts

On March 2017, Plaintiff was charged with misdemeanor domestic assault. Plaintiff, who was on parole at the time, notified his parole officer of the charge. The parole officer told Plaintiff to "handle it as quick as possible and to make sure it's not a felony." (Doc. No. 1 at 4). Several months passed and Plaintiff continued to work and report to his officer. The parole officer changed jobs, and Plaintiff's "new P.O. violated [his] parole off that same charge that is now a year old."

2

(Id.) Plaintiff's parole was revoked after a hearing, even though the charge was never a felony. Plaintiff will now have to spend six months in custody. He believes that the Board of Probation and Parole should compensate him for the time he will lose with his family and with his cleaning service and semi-truck. Plaintiff also contends that the Board of Probation and Parole is violating "Public Safety Act 2016." (Id. at 5).

**IV.   Analysis**

A suit against the Board of Paroles is actually a suit against the state of Tennessee. Pennhurst State Sch.. & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L.Ed.2d 67 (1984). The Eleventh Amendment to the United States Constitution bars claims for damages against a state, its agencies, and its employees in their official capacities unless a state has waived its immunity. Quern v. Jordan, 440 U.S. 332, 337 (1979), *overruled on other grounds by* Hafer v. Melo, 502 U.S. 21, 27 (1991); see Cowan v. Univ. of Louisville Sch. of Med., 900 F.2d 936, 940 (6th Cir. 1990)("a suit in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Tennessee has not waived its immunity. Berndt v. State of Tenn., 796 F.2d 879, 881 (6th Cir. 1986); Gross v. Univ. of Tenn., 620 F.2d 109, 110 (6th Cir. 1980). Furthermore, a state is not a person within the meaning of Section 1983. Will v. Michigan, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L.Ed.2d 45 (1989). Plaintiff's claims against the Board of Paroles, or the state of Tennessee, are therefore barred by the Eleventh Amendment and do not fall within the purview of Section 1983. See Horton v. Martin, 137 F. App'x 773, 775 (6th Cir. 2005) (dismissing damages claim against state parole board under the Eleventh Amendment, citing Pennhurst, 465 U.S. 89, 100-01, 104 S. Ct. 900, 79 L.Ed.2d 67 (1984)).

Other than being listed as a Defendant on page one of the complaint, Helen Ford is not mentioned in the narrative of the complaint. (See Doc. No. 1 at 1-5). A plaintiff must identify the right or privilege that was violated and the role of the defendant in the alleged violation. Miller v. Calhoun Cnty., 408 F.3d 803, 827 n.3 (6th Cir. 2005); Dunn v. Tenn., 697 F.2d 121, 128 (6th Cir. 1982). Because Plaintiff does not allege the personal involvement of Helen Ford in the events set forth in the complaint or even state who Helen Ford is, Plaintiff has not established a basis for imposing individual liability on this Defendant. See Rizzo v. Goode, 423 U.S. 362, 371 (1976); Heyerman v. Cnty. of Calhoun, 680 F.3d 642, 647 (6th Cir. 2012). Consequently, any claims against Helen Ford will be dismissed.

Finally, to the extent that the Court could construe the complaint as one seeking review of the Parole Board's substantive decision to deny Plaintiff's appeal of the Board's decision revoking his parole, the complaint seeks relief that is only available through a habeas petition, not by way of § 1983 civil rights action. See Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841, 36 L.Ed.2d 439 (1973); Hadley v. Werner, 753 F.2d 514, 516 (6th Cir.1985). "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Heck v. Humphrey, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.").

The complaint ends with a conclusory allegation that the Board of Paroles violated the "Public Safety Act of 2016." (Doc. No. 1 at 5). It is unclear to what statute the complaint refers but, as best the Court can surmise, Plaintiff refers to the Effective Death Penalty and Public Safety Act of 1996. The final form of what was enacted into law as the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was Senate Bill 735, which was amended in the House of Representatives as S. 735 Effective Death Penalty and Public Safety Act of 1996 (Engrossed House Amendment). It is unclear what connection the AEDPA, or a House bill from 1996, has to Plaintiff's instant claims. Without more specificity of law and facts, the Court is unable to determine that Plaintiff is entitled to relief on this claim.

## V. Conclusion

For the reasons explained above, the Court finds that the complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 and the "Public Safety Act of 1996" against all Defendants. 28 U.S.C. § 1915A. Therefore, this action will be dismissed. 28 U.S.C. § 1915(e)(2).

An appropriate Order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE